UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,  )
                           )
v.                         ) Criminal Case No. 06-232-6 (RCL)
                           )
JUAN CARLOS MEDINA CORONADO )
                           )
Defendant.                 )
                           )

**MEMORANDUM & ORDER**

FILED

NOV 26 2008

Clerk, U.S. District and
Bankruptcy Courts

Juan Carlos Medina Coronado has been charged with conspiracy to manufacture and distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 959, 960, 963 and 18 U.S.C. § 2.[1] Now before the Court is the government's oral motion for pre-trial detention. This Court conducted a hearing on the matter on November 26, 2008. Upon consideration of the oral motion and the defendant's opposition, and the arguments and proffer of evidence introduced in the hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if the defendant were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, the government's motion is GRANTED and the Court ORDERS that the defendant be detained without bond pending trial.

### I. THE GOVERNMENT'S PROFFER

At the November 26, 2008 hearing, the government made the following factual proffer: During or before 2006, defendant Juan Carlos Medina Coronado was engaged in the manufacture of cocaine and the trafficking of cocaine from Colombia to the United States. Medina Coronado is the son of one or both of the leaders of the conspiracy and was a central confidante who

---

[1] He is also charged with distribution of five kilograms or more of cocaine.

1

worked closely with his parent(s). By utilizing a wiretap, the government has obtained phone calls in which Medina Coronado is heard discussing the manufacture and delivery of cocaine. Medina Coronado is also heard discussing the financial aspects of running the cocaine conspiracy as well as paying "taxes" to the United Self-Defense Forces of Colombia ("AUC"), which is currently on the United States Department of State list of foreign terrorist organizations. In addition, phones seized from the arrest of other suspects in the case contained Medina Coronado's name and number. The government has also proffered, and the defendant has conceded, that Medina Coronado has no ties to the United States and poses a flight risk.

## II. DISCUSSION

### A. Legal Framework

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, dictates that a defendant may be detained pending trial where the government carries its burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e),(f). The government first must establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); *United States v. Simpkins*, 826 f.2d 94, 96 (D.C. Cir. 1987); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community. 18 U.S.C. § 3142(f). The court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found. The court should consider the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the

danger to the community if the person were released. 18 U.S.C. § 3142(g)(1)–(4).

## B. Flight Risk and Danger to the Community

The Court finds that the government has carried its burden of establishing, by a preponderance of evidence, that the defendant is a risk of flight. The government has also shown by clear and convincing evidence that Medina Coronado is a danger to the community. The nature of the alleged crime is serious. The grand jury has returned an indictment charging the defendant with conspiracy to manufacture and distribute five kilograms or more of cocaine, as well as distributing five kilograms or more of cocaine. The government has proffered that Medina Coronado played a central role in the conspiracy.

The Court has also considered the defendant's history and characteristics. The defendant has no prior criminal history, but has no ties to the United States. Therefore, given the seriousness of the alleged offense and the defendant's international ties, the Court cannot be reasonably assured that the defendant would appear in court were he to be released.

The Court has considered the weight of the evidence and concludes that the government's evidence is strong. The government has recorded conversations between Medina Coronado and his co-conspirators indicating that Medina Coronado was involved in manufacturing cocaine and distributing large amounts of cocaine into the United States.

The record does not reflect that Medina Coronado has a history of drug or alcohol abuse, has a criminal record, or was on probation at the time of the offense.

## III. CONCLUSION AND ORDER

After consideration of the proffered evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds that pretrial detention of Medina Coronado is appropriate in this case

because defendant's release, under any conditions, would pose an unreasonable danger to the community and risk of flight. The offense is serious, Medina Coronado has extensive foreign ties with whom he has previously conspired, and the government's proffered evidence is strong. Accordingly, it is hereby

ORDERED that the defendant continue to be detained without bond pending trial; it is further

ORDERED that defendant shall be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

_____    _____
Chief Judge Royce C. Lamberth                Date